

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Ries v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ries v. Comm Social Security" (2004). *2004 Decisions.* Paper 297.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/297

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-1218

ROBERT RIES,

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 03-cv-00851
District Judge: The Honorable Lowell A. Reed, Jr.

Submitted Pursuant to Third Circuit LAR 34.1
September 30, 2004

Before: RENDELL, FUENTES and SMITH, *Circuit Judges*

(Filed: September 30, 2004)

OPINION OF THE COURT

SMITH, *Circuit Judge.*

Robert Ries appeals from the District Court's order affirming the final decision of

the Commissioner of Social Security denying his application for benefits under Title II

and Title XVI of the Social Security Act.  The District Court had jurisdiction pursuant to

42 U.S.C. § 405(g).  We exercise appellate jurisdiction under 28 U.S.C. § 1291.  Our review "is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

In January 1998, Ries suffered a myocardial infarction, which necessitated the implantation of a permanent pacemaker.  Because Ries's position as a boilermaker entailed heavy lifting, he was precluded from returning to his former position.  Subsequent stress tests, however, were negative for ischemia.  Ries's cardiologist, Dr. Carabelli, documented that Ries was "doing well" and encouraged him to exercise.

At a hearing before an Administrative Law Judge ("ALJ"), Ries asserted that he was completely disabled because of his cardiac status, depression, an old back injury, and a knee impairment.  The ALJ found that Ries was capable of performing light level activity and that he did not have any non-exertional impairments.  Accordingly, the ALJ applied the grids in Appendix 2 and concluded that Ries was not disabled.  *See* 20 C.F.R. Part 404, Subpt. P, Appendix 2.  The District Court affirmed.

Ries contends that the ALJ's decision is not supported by substantial evidence for several reasons.  He asserts that the ALJ erred by finding that he was capable of

performing light level work and by applying the grids in Appendix 2. In Ries's view, the ALJ failed to accord sufficient weight to the opinion of his treating physician, Dr. Gross, that he was limited to lifting objects of three to five pounds and was completely disabled.

In *Plummer*, we instructed that

[t]reating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

186 F.3d at 429 (internal quotation marks and citations omitted). The ALJ complied with this standard, according great weight to Dr. Gross's opinion that Ries's ability to perform work related activity was limited by finding that he was restricted to light level activity. Dr. Gross's opinion that Ries was able to lift only three to five pounds and that he was completely disabled was appropriately discounted. The ALJ explained that Ries's own testimony regarding what he could lift contradicted Dr. Gross's lifting limitation. Although diagnostic testing confirmed that Ries had degenerative joint disease of his back and knee, the ALJ noted that these conditions were not disabling and that Dr. Gross's records were devoid of any complaints of persistent back or knee pain. Indeed, Ries testified that his back and his knee were essentially the same as when he worked as a boilermaker before he suffered a myocardial infarction.

In addition, the ALJ pointed out that Dr. Gross's opinion conflicted with the recommendation of Ries's cardiologist that he should exercise. Light level activity, the

3

ALJ concluded, was consistent with this recommendation and supported by the fact that Ries's stress tests were negative for ischemia. The ALJ also cited the fact that Ries's own description of his activities indicated that he was able to perform a wide variety of activities. Accordingly, there was substantial evidence to support the ALJ's conclusion that Ries was able to perform light level activity.

The ALJ did not err by applying the grids in Appendix 2 because the evidence of record does not support a finding that he had a mental impairment that resulted in non-exertional limitations. When the impairments cause solely exertional limitations, the ALJ is entitled to rely on the grids. *See Sykes v. Apfel*, 228 F.3d 269, (3d Cir. 2000). In Ries' case, the grids direct a finding of not disabled.

In sum, the ALJ's decision that Ries was not disabled is supported by substantial evidence. We will affirm the District Court's judgment affirming the Commissioner's denial of benefits.

_____